**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Dwayne Lee Rudd, Appellant.

Appellate Case No. 2013-002799

―――――――――

Appeal From Aiken County
James R. Barber, III, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-088
Heard February 9, 2016 – Filed February 24, 2016

―――――――――

**AFFIRMED**

―――――――――

Tommy Arthur Thomas, of Irmo, and Chief Appellate
Defender Robert Michael Dudek, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Assistant
Deputy Attorney General David A. Spencer, and
Assistant Attorney General Mary Frances G. Jowers, all
of Columbia; and Solicitor James Strom Thurmond, Jr.
and Assistant Solicitor Ashley Agnew Hammack, both of
Aiken, for Respondent.

―――――――――

**PER CURIAM:** Dwayne Lee Rudd appeals his convictions for five counts of second-degree criminal sexual conduct (CSC) with a minor and three counts of third-degree CSC with a minor, arguing the trial court erred in (1) denying his motion to suppress a statement he made to a Department of Social Services investigator and (2) admitting into evidence two photographs of written apologies he made to his victims. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Rudd's motion to suppress: *State v. Aleksey*, 343 S.C. 20, 30, 538 S.E.2d 248, 253 (2000) ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under [*Miranda v. Arizona,* 384 U.S. 436 (1966)]."); *State v. Evans*, 354 S.C. 579, 583, 582 S.E.2d 407, 409 (2003) (providing when reviewing a ruling on whether a person was in custody when he made a statement, this court must determine whether the trial court's ruling is supported by the record); *Evans*, 354 S.C. at 583, 582 S.E.2d at 410 ("To determine whether a suspect is in custody, the trial court must examine the totality of the circumstances, which include factors such as the place, purpose, and length of interrogation, as well as whether the suspect was free to leave the place of questioning."); *id.* ("The custodial determination is an objective analysis based on whether a reasonable person would have concluded that he was in police custody.").

2. As to the admission of the photographs: *State v. Kromah*, 401 S.C. 340, 349, 737 S.E.2d 490, 494-95 (2013) (stating the "admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court" and will be reversed only if the trial court abused its discretion); *Kromah*, 401 S.C. at 349, 737 S.E.2d at 495 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 402, SCRE ("All relevant evidence is admissible . . . ."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gray*, 408 S.C. 601, 616, 759 S.E.2d 160, 168 (Ct. App. 2014) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis."); *State v. Gilchrist*, 329 S.C. 621, 628, 496 S.E.2d 424, 427 (Ct. App. 1998) ("Evidence which tends to prove a criminal defendant's state of mind or intent at or near the time of the crime alleged is relevant in establishing his guilt.").

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**